NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff-Respondent, | : | Crim No. 12-0388 |
| v. | : | **OPINION** |
| HOPE KANTETE, | : | |
| Defendant-Movant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant-Movant's Motion for Compassionate Release. For the reasons set forth below, the Motion is **DENIED**.

I.  BACKGROUND

   A.  Factual Background

Defendant Hope Kantete is an inmate at Federal Medical Center Carswell. (Doc. No. 168). On June 28, 2013, Defendant was found guilty of "transporting stolen motor vehicles in interstate and foreign commerce and conspiracy to do the same." (Doc. No. 170). She was sentenced to 262 months incarceration plus 3 years supervised release on March 14, 2014, and ordered to pay $346, 936.91 in restitution, and a special assessment of $1,100.00. (Doc. No. 168).

Just over six years later, on June 14, 2020, Defendant made a formal request for compassionate release to the Bureau of Prisons during the COVID-19 crisis. (Doc. No. 170). In her request, Defendant cited her immunocompromised condition and BMI of 34.9, which made

1

her high-risk for severe COVID-19. (Doc. No. 168). The Warden denied Defendant's request for compassionate release on June 22, 2020. (Doc. No. 170). On December 28, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by the CARES Act and consistent with 18 U.S.C. § 3553(a) in this Court. (Doc. No. 168). Defendant requests compassionate release based on her underlying medical conditions which would cause her to become severely ill with COVID-19 if she contracted it while at FMC Carswell. *Id.* The United States opposes her motion. (Doc. No. 170). Both parties agree that both of Defendant's medical "conditions, without any other factor 'can make [Kantete] more likely to get severely ill from COVID-19." *Id.* After Defendant filed her motion, she received two doses of the Pfizer-BioNTech vaccine in December 2020 and January 2021. (Doc. No. 170).

## II. LEGAL STANDARD

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The changes implemented by the First Step Act's amendment allow prisoners to directly petition the court, as opposed to the Bureau of Prisons, for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i) provided, however, they satisfy the exhaustion requirements first. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020).

Thus, the first step for a defendant in a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is to exhaust any available administrative remedies. *United States v. Babbitt*, No. CR 18-384, 2020 WL 6153608, at *3 (E.D. Pa. Oct. 21, 2020). To exhaust administrative remedies, a defendant must first present his request for compassionate release to the warden. *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020). Thirty days after submitting the request, the defendant may move for compassionate release in the district court, whether the warden denied the request or did not act on it. *Id.* At the second step, a defendant has the burden of demonstrating to the Court that "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

## III. DISCUSSION

The first step—exhaustion of administrative remedies—has been satisfied here. Defendant unsuccessfully sought compassionate release from the warden for FMC Carswell, which was denied on June 22, 2020. Therefore, we must consider whether Defendant has carried her burden at the second step of the analysis. That is, she must demonstrate that: (1) extraordinary and compelling circumstances warrant a reduction in sentence; (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission; and (3) the reduction is appropriate in light of the relevant factors set forth in Section 3553(A). *United States v. Tolbert*, No. CR 10-633-2, 2021 WL 1193369, at *1 (E.D. Pa. Mar. 30, 2021). Defendant's Motion fails under the first element—extraordinary and compelling reasons.

### A. Extraordinary and Compelling Reasons

"Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission provided such a definition in U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). There, the Commission explained that extraordinary and compelling reasons exist where there is:

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In subsection (D) of the Application Note to U.S.S.G. § 1B1.13, is a catchall provision that gives the Director of the BOP the authority to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the other three categories. *Id.* cmt. n.1(D).

The definition of "extraordinary and compelling reasons" has not been updated since the First Step Act's enactment. Without an updated definition, there is a consensus view among sentencing courts that the definition at Section 1B1.13 "does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)." *United States v. Somerville*, 463 F. Supp. 3d 585, 594 (W.D. Pa. 2020) (quoting *United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020)); *United States v. Davidson*, No. 2:16-CR-00139-2, 2020 WL 4877255 at *18 (W.D. Pa. Aug. 20, 2020); *United States v. Jones*, No. 94-CR-20079-EJD-1, 2020 WL 5359636, at *5 (N.D. Cal. Aug. 27, 2020). However, the definition at Section 1B1.13 continues to "provide[ ] helpful guidance." *Rodriguez*,

451 F. Supp. 3d at 397 (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019)).

Defendant's request for compassionate release due to extraordinary and compelling reasons is based on the COVID-19 pandemic and her risk of infection at FMC Carswell. While COVID-19 is present at FMC Carswell,[1] the number of active cases is low. *Coronavirus,* Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last updated June 28, 2021). This Court appreciates the heightened risk of infection incarcerated persons face in the pandemic, however, the mere existence of the pandemic is not an extraordinary and compelling reason justifying a sentence reduction. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roeder*, 807 F. App'x 157, 160–61 (3d Cir. 2020) (explaining "the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence."); *id.* at n.16 (noting "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."). Indeed, if such reasoning were sufficient, it would open the proverbial flood gates and entitle every prisoner to a sentence reduction. Most defendants who successfully move the courts for release related to COVID-19 through Section 3582(c)(1)(A) demonstrate (1) that they are particularly vulnerable to developing severe illness from COVID-19 because of age or a medical condition(s); and (2) there is "an actual, non-speculative risk of exposure to COVID-19 in the facility where" they are held. *Somerville*, 463 F. Supp. 3d at 597.

---

[1] Currently, three inmates and no staff members have tested positive for COVID-19. However, 674 inmates and 3 staff members recovered from COVID-19, and there were 7 inmate deaths. The recovery rate suggests that COVID-19 may have been more prevalent at the time the Defendant filed her motion for compassionate release.

Here, Defendant has not made such a showing because Defendant is fully vaccinated against COVID-19. While Defendant has two medical conditions that would have put her at an increased risk of severe illness if she contracted COVID-19, Defendant has been fully vaccinated since she received her second Pfizer-BioNTech shot in January 2021. The Pfizer-BioNTech shot is proven to be 95% effective "in preventing COVID-19 from occurring at least 7 days after the second dose." *See* Food and Drug Administration, Pfizer-BioNTech COVID-19 Vaccine Emergency Use Authorization Review Memorandum, Dec. 11, 2020, https://www.fda.gov/media/144416/download (last accessed June 28, 2020). Given that Defendant has substantial protection against COVID-19 from the Pfizer-BioNTech vaccine, Defendant has not met the requirement of an extraordinary and compelling reason for compassionate release. *See United States v. Cortez,* No. CR-18-00858-01-PHX-SPL, 2021 WL 689923 at *1 (D. Ariz. Feb. 23, 2021) (denying compassionate release because a Defendant who has received the two-shot Pfizer BioNTech vaccine did not show a susceptibility to the virus that would amount to an extraordinary and compelling reason for release); *see also United States v. Newman*, Criminal Action No. 02-CR-539, 2021 WL 2577467 at *3 (E.D. Pa. June 23, 2021) (holding that the "combination of the considerable protections afforded by the Pfizer COVID-19 vaccine and the low potential for exposure at Defendant's facility results in a situation that falls well short of meeting the "extraordinary and compelling" requirement of Section 3582(c)(1)(A)(i)."); *see e.g. United States v. Cardoza,* No. 3:17-cr-00438-JO, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021). Therefore, Defendant's motion is denied.

IV.    CONCLUSION

For the reasons expressed above, Defendant's Motion for Compassionate Release (Doc. No. 168) is **DENIED.** An accompanying Order shall issue.

Dated: 06/29/2021                                                                 s/ Robert B. Kugler
                                                                                  ROBERT B. KUGLER
                                                                                  United States District Judge